[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12007

Non-Argument Calendar

_____

MARK GRISSOM,

Plaintiff-Appellant,

*versus*

JOHN MERKLE,
N WHITAKER,
TONY DAVIS,
LESLIE WIGGINS,
SCOTT ISSACS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:21-cv-01633-ACA

—————————————

Before WILLIAM PRYOR, Chief Judge, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Mark Grissom appeals the dismissal of his *pro se* amended complaint for lack of jurisdiction. Grissom complained that the defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, and various constitutional rights stemming from his termination from a Veterans Affairs medical center. The district court dismissed the complaint because the Civil Service Reform Act of 1978, 5 U.S.C. § 1101 *et seq.*, barred his challenge to an adverse employment action couched as racketeering and constitutional violations. The defendants move for summary affirmance and for a stay of the briefing schedule. Because "the position of [the defendants] . . . is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), we grant the motion for summary affirmance and deny as moot the motion to stay the briefing schedule.

"When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and

it follows that the judgment is due to be affirmed." *Sapuppo v. All-state Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). For an argument to be sufficiently briefed on appeal, the argument must include the appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A).

Summary affirmance is appropriate. Grissom has abandoned any objection to the dismissal of his amended complaint for lack of jurisdiction by failing to raise any meaningful argument against it. Even liberally construed, Grissom's assertions that the district court "impeded due process and equal access" and "effectively denied [his] constitutional rights" by "recreating" his complaint into something that it could dismiss are vague and conclusory. The argument section of Grissom's opening brief, which spans only a few pages and provides a list of 13 conclusory statements, contains no citations to authority or portions of the record nor any explanation of why the district court erred. As a result, there is no substantial question as to the outcome of the case, and the defendants' position that we must affirm is correct as a matter of law. *See Groendyke*, 406 F.2d at 1162.

We **GRANT** the motion for summary affirmance, **AFFIRM** the dismissal of Grissom's amended complaint, and **DENY AS MOOT** the motion to stay the briefing schedule.